UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RANDY HOLLOWAY,

        Plaintiff,

v.

RICHARD RUSSELL et al.,

        Defendants.
_____/

Case No. 1:18-cv-325

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants for failure to state a claim.

**Discussion**

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee County, Michigan, where the events

giving rise to his complaint occurred. Plaintiff sues Grievance Section Manager Richard Russell, ECF Law Librarian Nathaniel Bomer, and ECF Deputy Warden T. Ball.

Plaintiff alleges that during the first week of October 2017, his appeal from a judgment in a civil rights suit, *Holloway v. McLaren*, No. 2:14-cv-83 (W.D. Mich.), was denied by the Court of Appeals for the Sixth Circuit. *See Holloway v. McLaren*, No. 16-2508, 2017 WL 5202036 (6th Cir. Aug. 30, 2017). He contends that he had 21 days in which to file a motion for reconsideration or a motion to alter or amend judgment, and that he needed extra law library time to prepare his motion.

On October 9, 2017, he sent a kite to Librarian Bomer asking for extra time. He did not receive a response. On October 13, 2017, Plaintiff saw Bomer during Plaintiff's regularly-scheduled call out for the law library, and Plaintiff again asked Bomer for extra time in the law library. Bomer asked who the defendants were in the action. When Plaintiff told him that the MDOC was a defendant, Bomer stated that Plaintiff needed a court order to obtain additional time.

About two weeks later, Plaintiff asserts that he received a notice from the court of appeals indicating that his 21-day deadline for filing for relief had expired. He contends that it is "highly possible" that he could have obtained relief in his favor if he had been able to file a motion for relief from judgment or motion for reconsideration. (Compl., ECF No. 1, PageID.4.)

On November 9, 2017, Plaintiff received a misconduct ticket for being out of place because he did not make it to the library during his call-out. Plaintiff pled guilty to the misconduct and received a "4-day sanction," which he began serving that day. (*Id.*)

On November 13, 2017, Plaintiff sent a kite to Defendant Bomer, requesting forms that would permit him to request library materials in the same way that prisoners in segregation

2

receive their materials. Plaintiff never received a response. He contends that Bomer's failure to respond denied him access to the courts.

Plaintiff was scheduled to attend the law library on November 15 and 16, 2017, but Bomer allegedly called his unit and informed other officers that Plaintiff's call-outs had been cancelled. Plaintiff contends that Bomer lacked authority to cancel his library call-outs, and misapplied MDOC policy. Plaintiff also contends that Bomer took these actions in retaliation for Plaintiff's lawsuit against the prison.

Plaintiff further alleges that, on November 17, and 21, 2018, Bomer sent Plaintiff an altered copy of the prison library misconduct policy that omitted a portion of the policy relevant to Plaintiff's situation.

Plaintiff filed a grievance against Bomer. Apparently, the grievance reviewer determined that Bomer had taken the appropriate course of action. Plaintiff alleges that Defendant Russell responded to the grievance at step III of the grievance appeal process and determined that the grievance reviwer rendered a proper decision on the grievance. Plainitff further alleges that Deputy Warden Ball "disregarded . . . his legal duty by agreeing that the illegal and unconstitutional acts [of] the prison library staff was the right thing to do[.]" (Compl., PageID.9.)

Plaintiff claims that Bomer denied Plaintiff his right of access to the courts, denied Plaintiff his right to due process, and retaliated against Plaintiff for Plaintiff's protected conduct. Plaintiff also claims that Defendants Russell and Ball are liable for approving and/or failing to correct Bomer's actions.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff alleges that Defendants Russell and Ball affirmed the denial of Plaintiff's grievance regarding Bomer's conduct and/or determined that Bomer had acted appropriately. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Russell and Ball engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them under § 1983.

### B. Access to the Courts

Plaintiff contends Defendant Bomer denied him access to the Courts by failing to respond to or grant Plaintiff's requests for additional time in the law library on October 9 and 13, 2017, failing to respond to Plaintiff's request for library materials on November 13, 2017, and cancelling Plaintiff's library visits scheduled for November 15 and 16, 2017.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). A plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing Lewis, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Plaintiff's claim fails because he does not allege actual injury to a nonfrivolous legal claim. The Court takes judicial notice of the record in case 2:14-cv-83, in which Plaintiff

sued certain prison officials under § 1983. After the court entered a judgment in the defendants' favor, the court of appeals remanded the case for further proceedings. Plaintiff retained counsel to respond to the defendants' motion for summary judgment, which argued that Plaintiff had failed to exhaust his administrative remedies. Plaintiff's attorney filed a response to the defendants' motion on August 11, 2016. On August 30, 2016, the magistrate judge assigned to the case entered a report and recommendation recommending that the court grant the defendants' motion. Plaintiff had fourteen days from the date he received the report and recommendation in which to file objections. More than fourteen days passed and neither Plaintiff nor his attorney filed objections, thereby waiving Plaintiff's right to appeal. The court adopted the report and recommendation and entered judgment in the defendants' favor on September 26, 2016.

Plaintiff appealed the judgment to the Court of Appeals for the Sixth Circuit. In an order entered August 30, 2017, the court of appeals determined that Plaintiff waived his right to appellate review of the district court's decision because he failed to file objections to the report and recommendation. Plaintiff attempted to blame that failure on his attorney, but the court of appeals indicated that Plaintiff is "'accountable for the acts and omissions of [his] chosen counsel,'" and held that Plaintiff failed to demonstrate an "exceptional circumstance that would warrant overlooking his failure to object." *Holloway v. McLaren*, No. 16-2508, 2017 WL 5202036, at *2 (6th Cir. Aug. 30, 2017).

Plaintiff had 14 days after entry of the court of appeals' decision to file a petition for rehearing. Fed. R. App. P. 40(a)(1). He did not file one. Accordingly, the court of appeals issued its mandate on September 21, 2017. Plaintiff did not file a petition for a writ of certiorari with the United States Supreme Court, and the time for doing so expired at the end of October 2017.

7

Plaintiff alleges that Bomer impeded his access to the courts by refusing or failing to grant Plaintiff's request for additional time in the library in early October 2017. Plaintiff contends that Defendant's actions impaired his ability to file a motion for reconsideration, but the time for filing such a motion in the court of appeals had already expired in September. Thus, Bomer could not have caused any injury to Plaintiff's ability to seek relief from the court of appeals.

Moreover, Plaintiff's assertion that he could have obtained relief from the dismissal of his case is wholly unfounded. He waived his right to appeal by failing to file objections to the report and recommendation. He contested the dismissal of his case on appeal, but the court of appeals rejected his arguments. He does not allege any basis for believing that a motion for reconsideration would have been anything other than a frivolous attempt to undo the consequences of his waiver.

In short, by the time Plaintiff sought more time in the law library from Bomer in October 2017, the outcome of Plaintiff's litigation was already clear, and Bomer's actions could not have prevented Plaintiff from changing that outcome. In other words, Plaintiff has not plausibly alleged any injury to a non-frivolous claim as a result of Bomer's decisions or conduct. Accordingly, Plaintiff does not state an access-to-the-courts claim against Bomer.

### C. Retaliation

Plaintiff contends that Bomer failed or refused to grant Plaintiff's request for additional time in the law library out of retaliation for Plaintiff's lawsuit against the MDOC.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was

engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff's claim fails to meet the second element of the test in *Thaddeus-X*. Certain deprivations are so de minimis that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398. "'[I]n most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law' . . . unless the claimed retaliatory conduct is truly 'inconsequential.'" *Kennedy v. Boneville*, 413 F. App'x 836, 839-40 (6th Cir. 2011) (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir.2002)). This is such a case in which the alleged retaliatory action is truly "inconsequential." Plaintiff does not allege that he was deprived of anything that he already possessed or that he had a right to obtain. In fact, MDOC policy provides that prisoners "may be required to present documentation supporting the need for . . . additional time [in the law library]." MDOC Policy Directive 05.03.115 ¶ O (Nov. 1, 2010). Bomer may have been acting according to this policy by requiring Plaintiff to demonstrate the need for more time.

Furthermore, Plaintiff does not allege he was deprived of all access to the library, or even that Bomer denied his request for additional time altogether. Instead, Plaintiff contends that Bomer required Plaintiff to obtain a court order before Bomer would grant a request for *additional* hours in the law library. This response is not sufficiently adverse to give rise to a plausible retaliation claim. *Cf. Meeks v. Schofield*, 625 F. App'x 697, 702 (6th Cir. 2015) (denial of access to the library on one occasion is "de minimis conduct that did not constitute adverse action").

9

Plaintiff further contends that Bomer later cancelled two of Plaintiff's scheduled library visits in November 2017. These are also inconsequential actions. Furthermore, they lack the requisite causal connection to protected conduct. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Plaintiff merely alleges the ultimate fact of retaliation. He has not presented facts to support a plausible inference that Bomer cancelled Plaintiff's scheduled library time because Plaintiff filed a lawsuit against other prison officials. Accordingly, Plaintiff fails to state a retaliation claim.

**D. Due Process**

Plaintiff apparently contends that Bomer deprived Plaintiff of due process when Bomer cancelled Plaintiff's visits to the law library. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Plaintiff's claim fails because he has not alleged the deprivation of a protected property or liberty interest.

Plaintiff ostensibly asserts a liberty interest in attending the law library. However, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano,* 427 U.S. 215, 225 (1976). In *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 486-87; *see also Jones v. Baker,* 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995). Bomer's actions had no impact on Plaintiff's sentence. In addition, if one month of confinement in disciplinary segregation is not an atypical and significant hardship, *Sandin*, 515 U.S. at 486-87, then an inability to access the prison library for two days cannot be such a hardship. Thus, Bomer did not deprive Plaintiff of a protected liberty interest.

Without a protected property or liberty interest at stake, Plaintiff fails to state a due process claim.

**E. Prison Policy**

Plaintiff claims that Bomer misapplied prison policy when cancelling Plaintiff's scheduled visits to the prison library and when failing to respond to Plaintiff's requests to receive materials in his cell. An alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy

directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Thus, Bomer's alleged failure to comply with prison policy does not state a viable claim under § 1983.

Moreover, Bomer's alleged alteration of a physical copy of the prison policy does not give rise to any sort of claim under § 1983.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   April 25, 2018                             /s/  Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge